Mr. Justice Johnson
delivered the opinion of the Coijrt,
The act of the 18th December, Í817, provides, that in ■ case of the inability or refusal of any person- confined on ¡mesne or final process to. pay the fees, “ then the assignee or assignees of such debtor shall be chargeable therewith, to be paid in the first place out of the effects in their hands j and if the assignee or assignees of such debtor shall not have in their hands as much as may be sufficient to pay. .thefees aforesaid,then the person,,at whose suit the said debtor may have been taken, or. arrested, shall be liable therefor; and it shall and may be lawful for the .person to ■whom such fees are due and payable, to sue for and recover the same in a special action on the case.
The first ques.tiop, which presents itself, (although not the first in the order in which they are set down) is, whether the plaintiff, who was the gaoler, and not. the sheriff, can maintain an action in his.own name for the fees under this act ? I think he may. although he is in contemplation of law the *183 officer of the sheriff, and in many respects identified with him ; yet in this instance he may have an independent existence, if in truth and in fact, by the terms of his engagement with the sheriff, he is entitled to the fees; and in the absence of proof, I think it a fair inference that he is, as it is the general usage to allow it, and the action is given to the person to whom, in the language of the act, the fees are due and payable.
The other questions made in the case may be considered in a general view. The rule is, that when a remedy is given by statute, it must be strictly pursued; and it must appear Oh the face of the proceedings, that the plaintiff’s case is such as to authorize him to recover under the act. The first step required by the act, to enable the plaintiff to recover, is to shew that the debtor is unable, or has refused to pay the debt. This circumstance is, I think, well'alleged in this process. The terms inability or refusal, are disjoined, and alleging the one, supercedes the other.
In the second place, the assignee is chargeable before the plaintiff, if be have effects in his hands, and it is only in default of this fund that the plaintiff is ultimately chargeable ; and according to the rulé laid down, it ought to have appeared on the record, or some form or other, either that the debtor was wholly insolvent, and no assignment made, or that the assets in the hands of the assignee were insufficient. In the process in this case, there is no allegation of these circumstances, or any other from which they can be fairly infered. The Court are therefore of opinion that the present motion must prevail.
The general count for money paid, laid out, and expended, is liable to the same objection. The bill of particulars is for gaoler’s fees,and the circumstances necessary to enable him to recover in the first is necessary in this case. The act requires moreover, that it should be- a special action on the case.
The Court are however of opinion, under all the circumstances, and regarding the discretion of the Court in *184 matters of practice, particularly in this jurisdiction, are dt •opinion that the plaintiff have leave to amend his process,
Huntington, for the .motion.
Carter, contra.
The motion is granted.
justices Nott,, Colcock, Richardson, Huger and Ganll, concurred.